**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, Appellant,**

v.

**The BROTHERHOOD OF RAILROAD TRAINMEN et al., Appellees.**

**No. 21236.**

United States Court of Appeals
Fifth Circuit.
March 16, 1965.

Monroe E. Clinton, Denison, Tex., Ralph Elliott, Sherman, Tex., W. A. Thie, Dallas, Tex., for appellant.

William P. Fonville, Hart Willis, Jr., Dallas, Tex., for appellee.

Before MARIS,[*] RIVES and BROWN, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, Missouri-Kansas-Texas Railroad Company, on June 10, 1962 brought this action in the District Court for the Eastern District of Texas to enjoin a strike of its brakemen and switchmen called for June 11th by the defendant, the Brotherhood of Railroad Trainmen, on account of the alleged refusal or failure of the plaintiff to correct hazardous and unsafe conditions caused by the lack of maintenance. The conditions complained of were, inter alia, the growth of weeds and other vegetation to such heights and density as to obscure the ground; the accumulation of debris on the ground; the growth of trees and shrubbery to such height on the rights-of-way as to brush the sides of the engines and cars in passing; the deterioration of rails; and the existence of filthy and unsanitary conditions in locker and wash rooms. A temporary restraining order was issued enjoining the defendant Brotherhood, its officers, members and locals, from calling or participating in the strike. The plaintiff then amended its complaint to allege that no demand had been made by defendants for any agreement, or for an amendment to the existing agreement, relating to hazardous or unsafe conditions and that on June 13, 1962 the plaintiff had submitted the controversy to the National Railroad Adjustment Board. The temporary restraining order was continued in force until October 26, 1963 when the district court dissolved it and dismissed the complaint, holding that under the provisions of the Norris-LaGuardia Act, 29 U.S.C.A. §§ 101 et seq., the court lacked jurisdiction to grant the injunctive relief prayed for.[1] From the order dissolving the temporary restraining order and dismissing the complaint the plaintiff appealed.

The action of the district court was based upon its conclusion that the dispute between the parties was a "major dispute", i. e., a dispute concerning the making or amendment of a collective agreement, which was within the jurisdiction of the National Mediation Board under the Railway Labor Act[2] and not a "minor dispute", i. e., a dispute growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules or working conditions, which under the Act would be within the jurisdiction of the National Railroad Adjustment Board. The significance of the distinction, so far as the present case is concerned, lies in the fact that, while the Norris-LaGuardia Act may well operate to deprive a district court of jurisdiction to grant injunctive relief in a "major" railway labor dispute as to which the procedure prescribed by the Railway Labor Act has been exhausted, it is settled that the Act does not deprive a district court of jurisdiction to enjoin a strike arising out of a "minor" dispute which is within the jurisdiction of the National Railroad Adjustment Board and which has been submitted to the Board. Brotherhood of Railroad Trainmen v. Chicago River & I. R. Co., 1957, 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622; Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., 1960, 363 U.S. 528, 80 S.Ct. 1326, 4 L.Ed. 2d 1379. Accordingly the question for our decision is whether the district court erred in concluding that the dispute between the parties in this case is a "major dispute" as to which the Norris-La-Guardia Act might apply and not a "minor dispute" as to which the court

---

[*] Of the Third Circuit, sitting by designation.

[1] On December 3, 1963 the district court granted the plaintiff's motion for an injunction pending appeal and the defendants were enjoined from calling a strike for the reasons assigned in the complaint and conditions were imposed upon the plaintiff, i.e., removing debris, cutting all weeds, vegetation and trees within six feet of the end of ties, cleaning locker and wash rooms and repairing specified equipment.

[2] 45 U.S.C.A. §§ 151 et seq.

was empowered to grant injunctive relief to the plaintiff.

The distinction which the Railway Labor Act makes between the two kinds of disputes was outlined by the Supreme Court in Elgin, J. & E. R. Co. v. Burley, 1945, 325 U.S. 711, 722–723, 65 S.Ct. 1282, 1289–1290, 89 L.Ed. 1886, as follows:

> "The difference between disputes over grievances and disputes concerning the making of collective agreements is traditional in railway labor affairs. * * *
>
> "The statute first marks the distinction in Section 2, which states as among the Act's five general purposes: '(4) to provide for the prompt and orderly settlement of all disputes concerning rates of pay, rules, or working conditions; (5) to provide for the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions.' The two sorts of dispute are sharply distinguished * * * it is clear from the Act itself, from the history of railway labor disputes and from the legislative history of the various statutes which have dealt with them, that Congress has drawn major lines of difference between the two classes of controversy.
>
> "The first relates to disputes over the formation of collective agreements or efforts to secure them. * * * They look to the acquisition of rights for the future, not to assertion of rights claimed to have vested in the past.
>
> "The second class, however, contemplates the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case. In the latter event the *claim is founded upon some incident of the employment relation * * * the claim is to rights accrued*, not merely to have new ones created for the future." [emphasis added]

See also Order of Railway Conductors v. Pitney, 1946, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318.

■■ We are satisfied that the dispute between the present parties is of the second class referred to by the Supreme Court in the Elgin case, i. e., a "minor dispute" growing out of grievances because of the alleged failure of the plaintiff to accord the members of the defendant Brotherhood the safe working conditions to which they are entitled. It is true that there is no express written provision in the existing collective agreement between the parties with respect to the working conditions of which the defendant complains. But the common law duty of the plaintiff to use reasonable care in furnishing its employees with a safe place to work is clear, Bailey v. Central Vermont R. Co., 1943, 319 U.S. 350, 352–353, 63 S.Ct. 1062, 87 L.Ed. 1444. The members of the defendant Brotherhood who are employees of the plaintiff are, therefore, entitled to compliance by the plaintiff with that existing obligation. If, however, the plaintiff has failed to perform that duty its employees are required by the Railway Labor Act to submit their grievances in that regard to the National Railroad Adjustment Board for adjustment. See Illinois Central R. Co. v. Brotherhood of Locomotive Firemen & Enginemen, 7 Cir. 1964, 332 F.2d 850. It follows that the district court erred in dismissing the complaint.

The judgment of the district court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.